UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHINATOWN SERVICE CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. 21-331 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Last month, in a case similarly challenging a 2020 Health and Human Services Rule that revised or repealed myriad protections for certain classes of patients, this Court maintained a stay while the new Administration undertakes to revise or revoke the Rule. See Whitman-Walker Clinic, Inc. v. HHS, No. 20-1630, 2021 WL 4033072 (D.D.C. Sept. 3, 2021). It reaches the same result here.

**I.     Background**

Plaintiffs Chinatown Service Center and St. Barnabas Senior Services brought this action in February 2021 assailing a narrow slice of the 2020 Rule — namely, the provision culling language-assistance services for adults with limited English proficiency (LEP). See ECF No. 1 (Complaint). This past May, the parties jointly moved to stay the proceedings while Defendant Department of Health and Human Services reviewed the Rule and initiated proceedings to alter it. See ECF No. 18. The Court acquiesced and stayed the matter until mid-July. See Minute Order of May 27, 2021. In July, Plaintiffs indicated that a renewed stay "would harm them by delaying judicial review of the present case." ECF No. 19 (Joint Status Report) at 1. The Court

1

thus permitted briefing, and Defendants now ask for a voluntary remand without vacatur or, in the alternative, for a reimposition of the stay. See ECF No. 20 (Def. Mot.) at 1. Plaintiffs, conversely, seek a remand with vacatur or a stay. See ECF No. 21 (Pl. Opp.) at 1.

**II.     Legal Standard**

A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Hisler v. Gallaudet University, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979)). Once a stay is imposed, the Court may lift it "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). In determining whether to do so, the Court retains the same "inherent power and discretion" it exercised to impose the stay. Id.

**III.    Analysis**

In Whitman-Walker, the plaintiffs had challenged a number of aspects of the 2020 Rule, including the LEP provisions. They "urge[d] the Court to allow this litigation to move forward, arguing that the stay is no longer warranted and that they continue to be harmed by the portions of the challenged Rule that remain in effect." 2021 WL 4033072, at *2 (citations omitted). The Court disagreed, finding that "lifting the stay is unlikely to either provide Plaintiffs the relief they seek anytime soon or make efficient use of the Court's or the parties' resources." Id. It sees no

reason to depart from that rationale here, particularly where both sides propose maintaining the stay as their back-up form of relief.

First, as explained in Whitman-Walker, "the prejudice Plaintiffs may experience from the continuation of this stay is minimal." Id. This is because "their desired outcome — a declaration of the 2020 Rule's unlawfulness — is far from inevitable. Indeed, this Court previously determined that Plaintiffs either lacked standing to challenge, or were unlikely to succeed on the merits of their challenges to, the portions of the Rule that remain in effect," including the LEP provisions. Id. (citation omitted).

Second, as previously noted, "Defendants . . . have given Plaintiffs reason to believe that they will soon act to address their concerns." Id. at *3. Indeed, they now estimate that a notice of proposed rulemaking will issue no later than next spring. See Def. Mot. at 17. It makes little sense for the Court to require the filing of the administrative record and merits briefs from both sides, and then to expend resources resolving legal issues that will likely be moot around the same time as it reaches a decision.

Third, staying the case rather than remanding it without vacatur works little harm on the Government, which is freed from litigation burdens here and can focus on its proposed revisions to or replacement of the Rule.

To both preserve resources and because of a lack of prejudice to either side, the Court, exercising its "broad discretion," Clinton, 520 U.S. at 706, concludes that "circumstances have [not] changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." Marsh, 263 F. Supp. 2d at 52. The Court thus will reimpose the stay and require periodic updates from the Government to monitor its progress.

**IV.   Conclusion**

For the foregoing reasons, the Court ORDERS that:

1. Defendants' [20] Motion to Remand is GRANTED IN PART and DENIED IN PART;

2. The case shall be STAYED until further Order of the Court; and

3. Defendants shall provide updates on their proposed rulemaking at the end of every other month, starting on November 30, 2021.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 13, 2021